UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JESUS ALFREDO VASQUEZ-BECERRA,<br><br>　　　　　　　　　　　　Defendant. | Case No. 3:24-cr-00119-JAH<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE**<br><br>**[ECF No. 35]** |

Pending before the Court is Defendant's motion to reduce his sentence pursuant to 18 U.S.C. Section 3582. ECF No. 35 ("Motion"). Defendant requests retroactive application of Amendment 821, Part B, to the United States Sentencing Guidelines (U.S.S.G.), which revised the guidelines to reduce the term of imprisonment for offenders who receive no criminal history points. *See United States v. Martinez-Rodriguez*, 2024 WL 65141, at *2 (D. Or. Jan. 5, 2024) (citing U.S.S.G. § 4C1.1(a)). Amendment 821 went into effect on November 1, 2023. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Feb. 21, 2025).

This Court sentenced Defendant on May 1, 2024, six months after Amendment 821 went into effect, and the Court properly applied the current guidelines at the time of sentencing. This is evidenced by the fact Defendant received only one additional criminal

history point under § 4A1.1, as opposed to two points as it would have been under the previous version. *See* ECF No. 26 at 9; U.S. Sent'g Comm'n, Amendment 821.

Additionally, Defendant was not a "zero-point offender." To the contrary, the Pre-Sentence Report prepared by United States Probation shows Defendant had 8 prior convictions, for a total of 18 criminal history points, placing Defendant in criminal history category VI. *See* ECF No. 26 at 9. Therefore, Defendant does not qualify for the reduction he seeks under Amendment 821, Part B.

Defendant raises no other reason why the Court should modify his sentence. Accordingly, IT IS HEREBY ORDERED Defendant's motion for reduction of sentence is **DENIED**.

DATED: February 26, 2025

JOHN A. HOUSTON
United States District Judge